DOMENGEAUX, Judge.
Plaintiff-appellant, Jerrel McNeal, instituted this suit to recover insurance proceeds allegedly owed to him under the provisions of the automobile comprehensive insurance policy issued to him by the defendant — ap-pellee, Hanover Insurance Company. The plaintiff’s claim was based upon an incident on September 29, 1981, in which the engine of his 1980 Chevrolet pickup truck caught fire and burned.
Plaintiff sought to recover the full cost of repairs of the truck, in the amount of $4,619.13, plus penalties and attorney’s fees for the defendant’s arbitrary and capricious refusal to pay said claim. In addition, he prayed for recovery of damages for loss of use of the vehicle in the amount of $2,500.00 and towing charges totaling $100.00. Defendant, on the other hand, maintained that it was only liable to the plaintiff under the comprehensive provisions of the policy for damages in the sum of $632.76, representing the amount allegedly covered by the policy for external damages to plaintiff’s vehicle, less a $50.00 deductible.[1] The defendant had previously tendered a check in this amount to the plaintiff, but Jerrel McNeal refused to accept it.
The district court rendered judgment in favor of the plaintiff, but only for $632.76, representing the amount of external damages done to the plaintiff’s truck, less the $50.00 deductible. Thereafter, the plaintiff devolutively appealed to this Court.
The facts of this dispute are as follows: On September 29, 1981, the plaintiff’s son, Aubrey Lee McNeal, was operating his father’s 1980 Chevrolet pickup truck on a highway near Simmesport, Louisiana, when he noticed smoke coming from under the hood. After pulling the vehicle over to the shoulder, he parked it and opened the hood, whereby he saw flames coming from the motor. A passing motorist stopped to help Aubrey, and they were able to extinguish the fire by dousing it with water.
At the time that the plaintiff’s son was operating the truck, he was towing a trailer filled with 240-250 gallons of volatile diesel fuel, weighing approximately 8 pounds per gallon. Consequently, nearly 2,000 lbs. of diesel fuel alone was being towed on the trailer.
Plaintiff rested his case on the testimony of Mr. Allen Dodge, an expert in diesel mechanics, who examined and repaired the truck in question. According to his testimony, the fuel lines and wires on the vehicle had been burned, the injector seals and valve seals had been seared, the valves had been warped due to overheating, the inside of the heads had been cracked, and the engine block had been damaged. Mr. Dodge stated that in his opinion, these damages were caused as a result of the fire and the water that was used to put it out. However, the witness admitted under cross- *613 examination that there was a 50 percent chance that excessive internal heat due to an excessive load being towed could have caused the internal damages to the valves and heads.
On the other hand, the defendant sought to refute Mr. Dodge’s assessments by presenting the testimony of Mr. Stewart Aymond, who was also accepted by the court as an expert in the field of diesel mechanics. Mr. Aymond never had an opportunity to inspect the plaintiff’s vehicle. However, he opined that excessive heat from excessive towing could cause internal damages such as those which occurred in the engine of plaintiff’s truck. He further averred that it was highly unlikely that throwing water on such an engine would result in such internal damages. He finally concluded that the amount of weight being pulled by the truck at the time the engine caught fire was in excess of the amount that should have been towed by an engine of this type, and that such excess weight could have resulted in significant heat buildup in the engine, thereby causing internal damages. The plaintiff attempted to contradict the witness’ conclusion by introducing into evidence the manufacturer’s manual on the truck, which allegedly specified that a trailer weighing up to 2,000 lbs. could be safely towed. However, Mr. Ay-mond remained steadfast in his conclusions.
In the trial judge’s reasons for judgment, he specifically stated that the plaintiff had failed to prove by the legally required preponderance of the evidence that the internal damage done to the motor of his vehicle was caused by the September, 1981, fire and the water used to extinguish this fire. The judge relied upon the testimony of Mr. Ay-mond rather than that of Mr. Dodge in order to bolster his conclusion.
The plaintiff makes two specifications of error on appeal, to-wit: that the trial court erred in concluding that the internal damages to plaintiff’s truck were not caused by the September, 1981 fire and the water used to extinguish it, and, that the trial court erred in not awarding the plaintiff penalties and attorney’s fees for defendant’s arbitrary refusal to pay his claim.
Our jurisprudence is clear that an appellate court should not disturb a trial court’s finding of fact in the absence of manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). We have carefully reviewed the record of this case, and are unable to conclude that the district judge’s findings concerning the cause of the internal damages to plaintiff’s truck were manifestly erroneous.
In light of the above, we find no error in the trial court’s refusal to grant the plaintiff penalties and attorney’s fees for the defendant’s refusal to pay the full amount of the plaintiff’s claim.
For the above and foregoing reasons, the judgment of the trial court is affirmed.
All costs on appeal are assessed against Jerrel McNeal.
AFFIRMED.

. The defendant bases its argument on a provision in the comprehensive portion of the policy excluding from coverage “... damage which is due and confined to wear and tear, freezing, mechanical or electrical breakdown or failure, unless such damage results from a theft covered by this policy ...”